IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


JOAN F. BOREL                                                    Plaintiff

v.                              4:04CV00380 JLH/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                         Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Joan F. Borel, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v.

Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on high blood pressure, high cholesterol, thyroid problems, depression with job-related stress, chronic neck pain caused by stress and symptoms of transient ischemic attacks (blurred vision, memory loss, slurred speech and problems walking). (Tr. 106) The Commissioner found that she was not

disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through November 30, 2001, the date of his decision. (Tr. 35) On March 6, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 8-10) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 50 years old at the time of the supplemental hearing.[2] (Tr. 326) She obtained a General Equivalency Diploma. (Tr. 112, 326) She has past relevant work as a secretary. (Tr. 34, 119-23, 326-27)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the

---

[1] The Hon. Henry Ginger.

[2] The Appeals Council remanded after an earlier ALJ opinion following a hearing. (Tr. 79-82

3

claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. Id., § 404.1520(c); see 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. Id., § 404.1520(e).[3] If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. Id., § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

The ALJ found that Plaintiff had engaged in substantial gainful

---

[3] In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to this opinion. 20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

4

activity though March 26, 1999, after her alleged onset date of September 15, 1998 (Tr. 87), but not thereafter (Tr. 34). He found that she had a "severe" impairment, cerebrovascular disease and a history of stroke (TIA); chronic neck and back pain for which a reduction mammoplasty had been recommended and depressive syndrome (Tr. 27), but that she did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 34). He judged that Plaintiff's allegations regarding her limitations were not borne out by the overall evidence and were not fully credible. Id.

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of unskilled light work requiring no more than simple, repetitive tasks under simple, direct, concrete supervision where interpersonal contact was no more than necessary to carry out simple, direct and concrete instructions. (Tr. 35) He found that she was unable to perform her past relevant work. (Tr. 34) The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. Id.

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, light assembler of small products, light housekeeping cleaner and light fast food worker. (Tr. 35) Consequently, the ALJ concluded that

5

Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ did not give proper weight to the opinion of her treating psychiatrist. (Br. 7) In June of 1999, Kenneth Vest, M.D., wrote a To Whom It May Concern letter which concluded,

> Based on my evaluation of the patient, I feel that she could not be expected to keep a regular schedule of activities, to work without frequent direction or handle any interpersonal work related stress. Given patient's lack of response [to anti-depressants prescribed by him and by her family physician], I feel that this situation is likely to persist. For this reason, I am asking you to consider her for disability.

(Tr. 239)

Plaintiff also emphasizes the opinion of Dan Donahue, Ph.D., a reviewing psychologist employed by the Social Security Administration. (Br. 8) Plaintiff contends that professional opinions of those two were "glaringly and erroneously ignored" by the Commissioner. (Br. 8) Clearly, the ALJ did not ignore the opinions of Drs. Vest and Donahue; in fact he devoted over a page of his decision to them. (Tr. 31-32)

At the time that he wrote his To Whom It May Concern letter, Dr. Vest had been seeing Plaintiff less than four months. (Tr. 239-50) It appears that at least part of her depression was situational. (Tr. 243, 247) Less than four months later, Plaintiff reported not being as depressed, and she was not tearful, hopeless and helpless. (Tr. 284) Dr. Vest noted that she was a "partial responder" to medications. Id. By December, 1999, he observed that she was stable, but still not back to her best level of functioning. (Tr. 283) In January of 2000, Plaintiff told Dr. Vest that she and he

6

husband were doing well with a recent move and were active in their church. (Tr. 282) She reported her overall mood had "improved considerably." Id. His impression was "Patient improving." Id.

Although Dr. Donahue noted in May of 1999 that Plaintiff was moderately limited in some components of her residual functional capacity (mental), he was of the opinion that she could perform work where interpersonal contact was incidental to the work performed, such as assembly work; complexity of tasks would be learned and performed by rote with few variables and little judgment involved; supervision required is simple, direct and concrete. (Tr. 226-28)

Depression is not necessarily disabling. Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990).

The ALJ's hypothetical question to the vocational expert properly incorporated Plaintiff's limitations as Drs. Vest and Donahue noted them. (Tr. 346) To the extent that Dr. Vest's To Whom It May Concern letter indicated that Plaintiff was disabled, the ALJ properly reached his own conclusion. (Tr. 57) An opinion that Plaintiff could not be gainfully employed is not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be

7

>     disregarded. However, even when offered by a treating
>     source, they can never be entitled to controlling weight or
>     given special significance.

SSR 96-5p, at 5.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 18th day of July, 2005.

*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE